UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re                                                    Chapter 13

KATHY HENDERSON,                                         Case No. 06-40020-ess

                        Debtor.

--------------------------------------------------------x

### MEMORANDUM DECISION DENYING WITHOUT PREJUDICE THE PETITIONER'S REQUEST FOR A THIRTY-DAY EXTENSION TO TO OBTAIN BUDGET AND CREDIT COUNSELING AND ALLOWING THE PETITIONER TEN DAYS TO AMEND THE REQUEST

On January 5, 2006 (the "Petition Date"), Kathy Henderson (the "Petitioner") filed a petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code"). On that same day, the Petitioner also filed a Request for Thirty-Day Extension To File Credit Counseling Certificate (the "Request for Extension"). The Petitioner requests an extension of time to file a credit counseling certificate, indicating completion of the requirement to undergo credit counseling from an approved nonprofit budget and credit counseling agency and a copy of any debt repayment plan created as part of the credit counseling, on grounds that she "must get a good attorney to advise [her] of [her] rights." Request for Extension ¶ 1. Based on the entire record and for the reasons stated below, the Petitioner's Request for Extension is denied without prejudice, and the Petitioner is allowed ten days from the date of this Memorandum Decision to seek legal advice and to file with the Court an amended Request for Extension.

*The Budget and Credit Counseling Requirement for Eligibility To Be an Individual Debtor*

Section 109(h)(1) of the Bankruptcy Code, added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8, § 106(a)

(2005), generally requires an individual to receive budget and credit counseling in order to be eligible to be a debtor under the Bankruptcy Code.  As amended, Section 109(h)(1) provides:

> [A]n individual may not be a debtor under [the Bankruptcy Code] unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing . . . that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1).

To implement this eligibility requirement, the Bankruptcy Code, as amended by BAPCPA, provides that an individual debtor must file with the court a certificate from the nonprofit budget and credit counseling agency as evidence of his or her compliance with Section 109(h)(1).  As amended, Section 521(b) provides:

> [A] debtor who is an individual shall file with court –
>
> (1)    a certificate from the approved nonprofit budget and credit counseling agency that provided the debtor services under section 109(h) describing the services provided to the debtor; and
>
> (2)    a copy of the debt repayment plan, if any, developed under section 109(h) through the approved nonprofit budget and credit counseling agency . . . .

11 U.S.C. § 521(b).

The legislative history describes Congress's reasoning in establishing the new requirement of credit counseling in order for an individual to be eligible to be a debtor as follows:

> Most importantly, [BAPCPA] requires debtors to participate in credit counseling programs before filing for bankruptcy relief (unless special circumstances do not permit such participation).  The legislation's credit counseling provisions are intended to give consumers in financial distress an opportunity to learn about the consequences of bankruptcy – such as the potentially devastating effect it can have on their credit rating – before they

2

decide to file for bankruptcy relief.

H.R. Rep. No. 109-31, pt. 1, at 18 (2005).

*The Temporary Exemption from the Prepetition Credit Counseling Requirement*

Section 109(h)(3) of the Bankruptcy Code creates a temporary exemption from the

requirement that an individual receive budget and credit counseling in order to be eligible to be a

debtor.  This section states:

> (A)  Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that –
>
>> (i)  describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>>
>> (ii)  states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
>>
>> (iii)  is satisfactory to the court.
>
> (B)  With respect to a debtor, an exemption under subparagraph (A) shall cease to apply to that debtor on the date on which the debtor meets the requirements of paragraph (1), but in no case may the exemption apply to that debtor after the date that is 30 days after the debtor files a petition, except that the court, for cause, may order an additional 15 days.

11 U.S.C. §§ 109(h)(3)(A), (B).  That is, Congress recognized that some individual debtors may

face exigent circumstances that render them unable to comply with the budget and credit

counseling eligibility requirement, and BAPCPA provides a thirty- or forty five-day "window"

within which an individual debtor may obtain budget and credit counseling, file the required

certificate, and become, *nunc pro tunc*, an eligible debtor under the Bankruptcy Code.[1]

The requirements for a temporary exemption established by Section 109(h)(3) are conjunctive, not disjunctive, and each must be satisfied by the putative debtor in order for the exemption to apply. *See, e.g., In re Talib*, 2005 WL 3272411, at *1 (Bankr. W.D. Mo. Dec. 1, 2005); *In re Cleaver*, 333 B.R. 430, 434-35 (Bankr. S.D. Ohio 2005); *In re Watson*, 332 B.R. 740, 745-46 (Bankr. E.D. Va. 2005); *In re Hubbard*, 332 B.R. 285, 288 (Bankr. S.D. Tex. 2005).

Neither Section 109 of the Bankruptcy Code nor the Interim Bankruptcy Rules requires a putative debtor to serve his or her request for a temporary exemption from the budget and credit counseling eligibility requirement on parties in interest. *See* 11 U.S.C. § 109(h)(3); FED. R. BANKR. P. 1007(c) as amended by Interim Bankruptcy Rules. *See also* General Order 497 dated September 27, 2005, U.S. Bankruptcy Court for the Eastern District of New York (adopting Interim Rules promulgated by the Advisory Committee on Bankruptcy Rules).

Nor does BAPCPA or the Interim Bankruptcy Rules contemplate that a putative debtor's request for a temporary exemption will be considered at a hearing, so that the putative debtor's statements are not tested in an adversary process or subject to cross-examination. *See id.*

A request for a temporary exemption is not signed under the penalties of perjury. *See In re Talib*, 2005 WL 3272411, at *2 (a putative debtor's "certification of exigent circumstances under § 109(h)(3) need not be made under penalty of perjury."). But like any other filing signed by an attorney or a party who is not represented by an attorney, it may not be presented for any

---

[1]  The Bankruptcy Code also permits an individual debtor to seek a permanent exemption from the budget and credit counseling eligibility requirement if the court finds, after notice and a hearing, that the debtor is unable to meet the requirement because of incapacity, disability, or active military duty in a combat zone. 11 U.S.C. § 109(h)(4). The permanent exemption is not at issue in the Petitioner's Request for Extension.

4

improper purpose, and must have evidentiary support.  *See* FED. R. BANKR. P. 9011(a), (b)(1),

(b)(2).  *See also In re Talib*, 2005 WL 3272411, at *2; *In re Cleaver*, 333 B.R. at 434 ("a

certification is, at a minimum, a written statement that the signer affirms or attests to be true.")

That is, the statements made by the putative debtor in a request for a temporary exemption

should be, and will be presumed by the Court to be, truthful, accurate, and made in good faith.

The form of Request for Thirty-Day Extension To File Credit Counseling Certificate

provided for the use of putative debtors in this district, which was filed by the Petitioner, calls

for a putative debtor to describe the exigent circumstances that merit a waiver of the budget and

credit counseling requirement and state that he or she requested budget and credit counseling

services from an approved agency but was not able to obtain the services during the five-day

period beginning on the date that the putative debtor made the request.  *See* Request for

Extension ¶¶ 1, 2.  *See also* 11 U.S.C. §§ 109(h)(3)(A)(i), (ii).

The Bankruptcy Code does not define the term "exigent."  Black's Law Dictionary

defines the term "exigent" as "[r]equiring immediate action or aid; urgent <exigent

circumstances>."  BLACK'S LAW DICTIONARY 614 (8th ed. 2004).  A similar definition is set

forth in the form of Request for Thirty-Day Extension To File Credit Counseling Certificate used

by the Petitioner.  *See* Petitioner's Request for Extention ("**Exigent circumstances**: 'Situations

that demand unusual or immediate action.' *Black's Law Dictionary*, Sixth Edition (West

Publishing Co. 1990).").  Another leading reference dictionary defines "exigent" as "requiring

immediate aid or action."  WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 435 (9th ed. 1983).

And a standard thesaurus offers "burdensome," "burning," "critical," and "demanding," as

synonyms.  ROGET'S II THE NEW THESAURUS 177 (office ed. 1984).  *See Rousey v. Jackoway*, __

U.S. __, 125 S. Ct. 1561, 1566-69 (2005) (consulting dictionaries to determine the common

meaning of terms not defined in the Bankruptcy Code).

Several courts have identified circumstances that support a finding of exigent

circumstances in reviewing a putative debtor's request for a temporary exemption from the

budget and credit counseling eligibility requirement.  In *In re Childs*, 2005 WL 3529729 (Bankr.

D. Md. Dec. 19, 2005), the court observed:

> The standard for exigent circumstances set forth in the statute is minimal.  It
> requires only that the debtor state the existence of some looming event that
> renders prepetition credit counseling to be infeasible.  The standard is not one of
> "excusable neglect" that would require the Court to delve into the reasons why
> the exigent circumstances occurred.

*In re Childs*, 2005 WL 3529729, at *5.  The court concluded that "exigent circumstances" were

established by assertions of "a supervening event that precipitated the emergent need to file a

bankruptcy petition, to wit, the imminent sale of the debtors' property at foreclosure and the

assertion by [the putative debtor] of his imminent eviction from his residence."  *Id.*

And in *In re Hubbard*, 333 B.R. 377 (Bankr. S.D. Tex. 2005), the court found that

exigent circumstances were established by allegations that a putative debtor "faces a loss of the

family home unless immediate relief is granted under the Bankruptcy Code" or that "an

individual [faces] the immediate and permanent loss of her sole means of transportation."  *In re

Hubbard*, 333 B.R. at 384.  There, the court concluded that the exigent circumstances

requirement was not satisfied by allegations that the putative debtor was a defendant in a

sequestration suit concerning her vehicle and that the vehicle was in danger of being

repossessed.  *Id.*  The court observed, "[a]lmost every debtor that seeks relief in the bankruptcy

court has a problem looming in the future."  *Id.*  Such circumstances, without more, the court

concluded, do not satisfy Section 109's requirements.  *Id.  See also In re Davenport*, 2005 WL 3292700, at *1 (Bankr. M.D. Fla. Dec. 6, 2005) ("The debtor did establish, to the Court's satisfaction, that exigent circumstances were present at the time she filed her petition.  A creditor was actively seeking repossession of the family's only means of transportation.")

This Court agrees that the standard for describing "exigent circumstances" sufficient to merit a thirty-day temporary waiver of the budget and credit counseling eligibility requirement is not an overwhelmingly high one, particularly when the putative debtor is representing him or herself.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (observing that a "pro se complaint [is held] to less stringent standards than formal pleadings drafted by lawyers").  This Court also agrees that situations that call for an immediate response, such as the impending sale of a home or means of transportation, are examples of potentially exigent circumstances warranting this temporary and interim relief.  At a minimum, "exigent circumstances" should be particular to the putative debtor, and should support the conclusion that the putative debtor was confronted with an urgent situation that rendered him or her unable to comply with the budget and credit counseling requirement before commencing his or her bankruptcy case.

<u>*The Petitioner's Request for Extension*</u>

The Petitioner's Request for Extension states that she was not able to obtain budget and credit counseling services before filing her bankruptcy petition because she "must get a good attorney to advise [her] of [her] rights."  *See* Request for Extension ¶ 1.  She also states that "[a]fter requesting credit counseling from an approved nonprofit budget and credit counseling agency, [she] was unable to obtain credit counseling during the five-day period after making the

request." *See id.* ¶ 2.[2]  As noted above, BAPCPA and the Interim Bankruptcy Rules promulgated to implement it do not contemplate that a putative debtor's application for a temporary exemption will be served on parties in interest, signed under the penalties of perjury, considered at a hearing, or tested in an adversary process, and the putative debtor's statements are presumed to be truthful, accurate, and made in good faith.  *See* pp. 4-5, *supra*.  But even in this favorable context, taking all of the Petitioner's assertions at face value, the Court concludes that the Petitioner's statements do not establish particularized and individual "exigent circumstances" that are sufficient to warrant a thirty-day extension to comply with the Bankruptcy Code's budget and credit counseling eligibility rule, for at least two reasons.

First, the Petitioner has not stated that she was facing an urgent situation that required her to take immediate action to prevent a calamity in her life, such as the imminent sale of or eviction from her home or the imminent sale of her sole means of transportation.

Second, while the Petitioner has stated that she has needs to be advised of her legal rights, that does not, standing alone, distinguish her circumstances from the circumstances of thousands of debtors who, in this District and elsewhere, are required to pursue bankruptcy relief without the benefit of legal advice.  The rights at issue in a bankruptcy case are of enormous significance to an individual debtor and his or her family, and they deserve – and indeed, often require – the attention and advice of "a good attorney."  Legal services organizations, bar associations, and private counsel honor the highest values of the legal profession, and perform a valuable service to their clients, the bar, the courts, and the public when they offer *pro bono* and

---

[2]  This language is set forth in the form of Request for Thirty-Day Extension To File Credit Counseling Certificate that is made available to putative debtors by the court.

reduced-fee services to persons who lack the means to pay a lawyer.  Every *pro se* litigant in a

bankruptcy case, whether a debtor or a creditor, would undoubtedly benefit from the advice of "a

good attorney to advise [him or her] of [their] rights."  *See* Request for Extension ¶ 1.

But "exigent circumstances" for purposes of the budget and credit counseling

requirement established by BAPCPA do not arise from the generalized statement, without more,

that a putative debtor needs to get legal advice.  As stated above, "exigent circumstances" should

be particular to the putative debtor, and should support the conclusion that the putative debtor

faced an urgent situation that rendered him or her unable to comply with the budget and credit

counseling requirement before commencing his or her bankruptcy case.  It may be that one or the

other of these could suffice; but where, as here, neither appears to be present, then the

Petitioner's Request for an Extension should be denied.

But this is not the final word in this Petitioner's situation.  The Petitioner has indicated,

or at least suggested, that she intends to "get a good attorney to advise [her] of [her] rights."  It

may be that, with the assistance of counsel, the Petitioner is able to set forth the exigent

circumstances that prevented her from obtaining budget and credit counseling before she filed

her bankruptcy case.  As noted above, those circumstances should be particular to the Petitioner,

and should support the conclusion that she was not able to obtain budget and credit counseling

before filing this case.  For these reasons, the Petitioner will be allowed ten days from the date of

this Memorandum Decision to seek legal advice and to file with the Court an amended Request

for Extension describing particularized exigent circumstances that warrant a thirty-day extension

of time for her to obtain budget and credit counseling and file a credit counseling certificate with

the Court.  Those thirty days, it should be noted, would run from the Petition Date.

A separate order in conformity with this Memorandum Decision shall be entered

simultaneously herewith.

Dated: Brooklyn, New York
         January **_17_**, 2006

                                        **_s/ Elizabeth S. Stong_**
                                        ELIZABETH S. STONG
                                        UNITED STATES BANKRUPTCY JUDGE